# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE MANUEL LOPEZ-ALVARADO,<br><br>　　　　　Defendant. | 8:17CR376<br><br>**ORDER** |

　　　On May 25, 2018, defendant Jose Manuel Lopez-Alvarado ("Lopez-Alvarado") pled guilty without a written plea agreement to knowingly possessing with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1). On August 24, 2018, the Court sentenced him to 120 months imprisonment followed by 5 years of supervised release. The Court recommended to the Bureau of Prisons ("BOP") that Lopez-Alvarado be given credit for time served.

　　　Now pending before the Court is Lopez-Alvarado's pro se motion to reduce his sentence (Filing No. 76) pursuant to the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Lopez-Alvarado requests relief from his sentence under the First Step Act's compassionate-release and good-time-credit provisions.

　　　The government opposes any reduction in Lopez-Alvarado's sentence. The government first argues Lopez-Alvarado has not demonstrated that he exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A) and satisfied the other procedural prerequisites for judicial review. The government further argues that even if he had, Lopez-Alvarado has not shown any "extraordinary and compelling reasons" to reduce his sentence under the circumstances of this case. *Id.* § 3582(c)(1)(A)(i).

With respect to good-time credits, the government, citing *United States v. Wilson*, notes the BOP "has exclusive jurisdiction to determine sentence credit for inmates in the first instance." 503 U.S. 329, 335 (1992) (explaining the BOP is responsible "for administering the sentence" imposed by the court); *see also United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."). According to the government, Lopez-Alvarado has again failed to establish he has exhausted his administrative remedies and followed the appropriate procedural path for putting any issue regarding the award of good-time credit properly before this Court.

The government's arguments are generally well taken. Having thoroughly reviewed the parties' submissions and the balance of the record in this case, the Court finds Lopez-Alvarado has not presented any viable grounds for this Court to exercise jurisdiction over this matter and reduce his sentence or otherwise grant him any relief at this time. Accordingly,

IT IS ORDERED:
1. Defendant Jose Manuel Lopez-Alvarado's motion to reduce his sentence (Filing No. 76) pursuant to the First Step Act is denied without prejudice.
2. The Clerk of Court shall mail a copy of this order to Lopez-Alvarado at his address of record.

Dated this 7th day of January 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge